UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARLTON GARY,

    Plaintiff,

v.   Case No. 5:13cv414/WS/CJK

POLK MEDICAL INSTITUTION,

    Defendant.
_____/

REPORT AND RECOMMENDATION

This cause is before the court on plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 9). Leave to proceed *in forma paupers* previously was granted (doc. 7). Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon review of plaintiff's second amended complaint, the undersigned finds that it should be dismissed as malicious.

Page three of the civil rights complaint form, Section IV(B), Previous Lawsuits, requires disclosure of all cases initiated in "**federal court** dealing with the

same or similar facts/issues involved in this action."[1] (Doc. 9, pg. 3). In response to that question, plaintiff discussed one case – Case No. 5:13cv416-WS-CJK. On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 9, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "No." (*Id.*). He disclosed no cases. The following question asks whether the litigant has "ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? (*Id.*). Again, plaintiff marked "No" and disclosed no cases. At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 9, p. 7). Thus, in effect, plaintiff stated that, at the time he filed his second amended complaint, he had not initiated any other action in federal court that related to the fact or manner of his incarceration or the conditions of his confinement and had never had a federal court action dismissed as frivolous, malicious, failing to state a claim, or prior to service.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when

---

[1] Question (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action.

Case No. 5:13cv414/WS/CJK

a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Moreover, in light of 28 U.S.C. § 1915(g),[2] the court must investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The information obtained from the disclosure requirements also helps the court evaluate whether the action is related to or should be considered in connection with another case or whether a holding in another case affects the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court may take judicial notice that, at the time plaintiff filed his second amended complaint in this case, plaintiff had initiated five other actions in the Northern District of Florida that involved the same or similar facts at issue in this case: Case No. 5:13cv412-RS-CJK, Case No. 5:13cv413-MP-EMT, Case No. 5:13cv415-RS-GRJ, Case No. 5:13cv416-WS-CJK (which plaintiff disclosed), and Case No. 5:13cv417-RS-EMT. Those cases were filed the same day plaintiff filed his initial complaint in this matter. At least four of those cases, Case No. 5:13cv412-RS-CJK, Case No. 5:13cv415-RS-GRK, Case No. 5:13cv416-WS-CJK, and Case No. 5:13cv417-RS-EMT, were dismissed for failure to state a claim upon which relief may be granted or abuse of the judicial process, as was Case No. 8:14cv2371-JDW-EAJ, filed in the Middle District of Florida. Moreover, at the time plaintiff filed the six complaints in this court, he had previously filed a similar case, Case No. 4:13cv176-RH-CAS, that was dismissed for failure to prosecute and failure to comply with an order of the court. Plaintiff also had filed a similar case in the Middle District

---

[2] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Case No. 5:13cv414/WS/CJK

of Florida, Case No. 8:13cv520-T-27/AEP.  Plaintiff attempted to file another case in the Middle District, but it was dismissed because plaintiff failed to file a complaint. *See* Case No. 8:12mc150-JDW-AEP.  Plaintiff did not disclose any of these cases, or a multitude of others requiring disclosure, despite the complaint form's clear instructions that he do so.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to three questions on the complaint form, as detailed above.  Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required.  The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[3]  (Doc.9, p. 3).  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  The court should not allow plaintiff's false responses to go unpunished.  An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

---

[3] Plaintiff did not indicate he was unsure about his litigation history.

Case No. 5:13cv414/WS/CJK

2. That the clerk be directed to close the file.

At Pensacola, Florida this 26th day of March, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**